Exhibit
8

Westlaw.

460 F.3d 1102

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

c
Cardoso-Tlaseca v. Gonzales
C.A.9,2006.

United States Court of Appeals,Ninth Circuit.
Rogelio CARDOSO-TLASECA, Petitioner,
v.
Alberto R. GONZALES, Attorney General, Respondent.
Rogelio Cardoso-Tlaseca, Petitioner,
v.
Alberto R. Gonzales, Attorney General, Respondent.
**Nos. 04-70774, 04-72264.**

Argued and Submitted June 16, 2006.
Filed Aug. 21, 2006.

**Background:** Alien petitioned for review of order of Board of Immigration Appeals (BIA) denying motion to reopen removal proceedings.

**Holding:** The Court of Appeals, Leavy, Circuit Judge, held that regulation providing that motion to reopen removal proceedings could not be made subsequent to alien's removal did not preclude BIA from ruling on alien's motion to reopen.

Petition granted.
West Headnotes
**[1] Aliens, Immigration, and Citizenship 24 ☞385**

24 Aliens, Immigration, and Citizenship
    24V Denial of Admission and Removal
        24V(G) Judicial Review or Intervention
            24k385 k. Jurisdiction and Venue. Most Cited Cases
Court of Appeals had jurisdiction over alien's petition for review of order of Board of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102

Page 2

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

Immigration Appeals (BIA) denying motion to reopen removal proceedings, although alien had been ordered removed by reason of having committed a criminal offense, since alien's claim that BIA misconstrued a regulation as barring his motion to reopen presented a question of law. Immigration and Nationality Act, § 242(a)(2)(D), 8 U.S.C.A. § 1252(a)(2)(D).

**[2] Aliens, Immigration, and Citizenship 24 ☜360(1)**

24 Aliens, Immigration, and Citizenship
   24V Denial of Admission and Removal
      24V(E) Administrative Procedure
         24k358 Reopening, Reconsideration, or Remand
            24k360 Time Limitations
               24k360(1) k. In General. Most Cited Cases

Regulation providing that motion to reopen removal proceedings could not be made subsequent to alien's removal did not preclude Board of Immigration Appeals (BIA) from ruling on alien's motion to reopen removal proceedings, although alien had been removed to Mexico before he filed motion, since alien's California state law conviction for cultivating marijuana for personal use was a key part of removal proceedings in which alien had been ordered removed both on ground of that conviction and on ground that he was present in United States without being admitted or paroled, and California court had vacated alien's conviction after alien's removal. 8 C.F.R. § 1003.2.

**[3] Aliens, Immigration, and Citizenship 24 ☜337**

24 Aliens, Immigration, and Citizenship
   24V Denial of Admission and Removal
      24V(E) Administrative Procedure
         24k337 k. Notice; Order to Show Cause. Most Cited Cases

Removal order of Board of Immigration Appeals (BIA), finding alien to be removable on ground of his California state law conviction for cultivating marijuana for personal use and on ground that he was present in United States without being admitted or paroled, could not be sustained on basis of alien's subsequent conviction for possession of marijuana, since possession conviction was not alleged as ground for removal in the alien's notice to appear. Immigration and Nationality Act, §§ 212(a)(2)(A)(i)(II), 239(a)(1), 8 U.S.C.A. §§ 1182(a)(2)(A)(i)(II), 1229(a)(1).

**\*1103** Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for the petitioner.
Carol Federighi and Neil McGill-Gorsuch, United States Department of Justice, Washington,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102

Page 3

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

DC, for the respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Before EDWARD LEAVY and PAMELA ANN RYMER, Circuit Judges, and BARRY TED MOSKOWITZ,[FN*] District Judge.

> FN* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

LEAVY, Circuit Judge.
Rogelio Cardoso-Tlaseca (Cardoso), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) January 30, 2004, order denying his motion to reopen its September 30, 2003, order affirming an immigration judge's (IJ) removal order and denial of his application for adjustment of status. (Appeal No. 04-70774). Cardoso also petitions for review of the BIA's order denying his motion to reconsider its January 30, 2004, decision (Appeal No. 04-72264). In his motions Cardoso asserted that the conviction that had formed the basis for his removal order had been vacated. We grant the petition in 04-70774 and remand. We deny the petition in 04-72264 as moot.

## JURISDICTION

[1] We have jurisdiction to review the petitions under 8 U.S.C. § 1252(a)(2)(D) as amended by § 106(a) of the REAL ID Act of 2005, Pub.L. No. 109-13, Div. B., § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (2005). *See Notash v. Gonzales,* 427 F.3d 693, 695-96 (9th Cir.2005). While we have no jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense," including a controlled substance offense, 8 U.S.C. §§ 1252(a)(2)(C) and 1227(a)(2)(B), we are not barred from hearing the constitutional claims or questions of law raised in Cardoso's petition. 8 U.S.C. § 1252(a)(2)(D). Cardoso does not present a constitutional claim, but argues that, as a matter of law, the BIA erred when it determined that 8 C.F.R. § 1003.2(d) barred his motion to reopen and, alternatively, that 8 C.F.R. § 1003.2(d) is invalid. Because his petitions*1104 for review present questions of law, we have jurisdiction to consider them.

## FACTS AND PRIOR PROCEEDINGS

Cardoso entered the United States from Mexico without inspection in April 1988. In February

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102                                                                            Page 4

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

1996, Cardoso married Hilda Jimenez, at the time a lawful permanent resident, and she filed an I-130 visa petition on his behalf. Jimenez became a naturalized United States citizen on October 4, 1999, and the I-130 visa petition was approved on January 25, 2001. Cardoso filed an application to adjust his status to that of a lawful permanent resident on March 8, 2001.

In the meantime, on August 30, 2000, Cardoso pled guilty to cultivating marijuana for personal use in violation of Cal. Health & Safety Code § 11358. The state court granted him a deferred entry of judgment. On November 20, 2001, after Cardoso had completed the deferred entry of judgment program, he was allowed to withdraw his guilty plea to the cultivation charge and it was dismissed.

When Cardoso appeared for an interview on his application to adjust status, he was arrested and detained by the Department of Homeland Security (DHS). The DHS served him with a Notice to Appear (NTA) alleging that he was subject to removal on two grounds: (1) under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled; and (2) under 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien who has been convicted of violating a law or regulation relating to a controlled substance.

At his removal hearings, Cardoso admitted the first ground but denied the second, arguing that his conviction of cultivating marijuana for personal use was similar to a conviction for simple possession. On that basis and because his conviction had been dismissed, he argued that the government could not use the conviction to establish his removability under § 1182(a)(2)(A)(i)(II).[FN1] The IJ rejected this argument, sustained the ground under § 1182(a)(2)(A)(i)(II), and found Cardoso removable on the basis of both grounds. The IJ also found that there was no relief from removal available to Cardoso such as a waiver or adjustment of status despite his approved I-130, because he was inadmissible as a result of his controlled substance conviction under 8 U.S.C. § 1182(a)(2)(A)(i)(II).

> FN1. An alien is not removable if his or her conviction is subject to a state rehabilitative statute and the alien, if prosecuted in federal court, would have qualified for treatment under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607. *Lujan-Armendariz v. INS,* 222 F.3d 728, 749 (9th Cir.2000).

Cardoso timely appealed to the BIA. While the appeal was pending, he moved the California state court to vacate his cultivation conviction, arguing that the conviction was constitutionally invalid. Cardoso argued that his guilty plea was not knowing, intelligent, free or voluntary because (1) at the time of the plea all parties, including Cardoso, were unaware of the immigration consequences of his plea; and (2) the court failed to inform Cardoso of the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102                                                                                      Page 5

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

immigration consequences of his plea or to take any of the required waivers until after the plea was entered.

On September 30, 2003, the BIA summarily affirmed with out opinion the IJ's order of removal, and Cardoso was removed to Mexico on October 8, 2003.

On October 15, 2003, the California court granted Cardoso's motion to vacate his cultivation conviction. The criminal complaint was amended to charge Cardoso with simple pos session of marijuana in violation of Cal. Health & Safety Code § 11357(c), and Cardoso pled guilty to the new charge. On November 26, 2003, Cardoso was sentenced to a term of probation. **\*1105** After Cardoso successfully completed probation, the court expunged his possession conviction pursuant to Cal.Penal Code § 1203.4 on December 17, 2003.

On December 29, 2003, Cardoso moved the BIA to reopen proceedings, on the basis that his cultivation conviction under Cal. Health & Safety Code § 11358 had been vacated. The BIA denied the motion:
It is undisputed that the respondent was removed from the United States on October 8, 2003, after the Board rejected the respondent's appeal. The respondent's removal was therefore lawfully executed. *Compare Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir.1990). Under the regulations at 8 C.F.R. § 1003.2(d), "[a] motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." The Board thus lacks the jurisdiction to reopen and reconsider the respondent's appeal at this time, and the motion must be denied. *See* 8 C.F.R. § 1003.1(d)(2)(H). We note that on October 15, 2003, the Superior Court of California in and for the Country [sic] of Tulare ranted the respondent's motion to vacate a conviction underlying one of the bases of the respondent's inadmissibility. The fact that the conviction was vacated subsequent to the respondent's removal, and the fact that the conviction was vacated prior to the filing of his motion, would not alter our conclusion. Accordingly, the motion is denied.

Cardoso timely moved to reconsider the denial of the motion to reopen, arguing that the BIA had misapplied this court's decision in *Wiedersperg*. On March 18, 2004, the BIA denied the motion to reconsider:This case was before the Board last on January 30, 2004, when we denied the respondent's motion to reopen for lack of jurisdiction. We stated that it was undisputed that the respondent had been removed from the United States on October 8, 2003, after the Board's rejection of his appeal and that his removal had been lawfully executed. We likewise lack jurisdiction over the present motion to reconsider, for the same reasons. *See* 8 C.F.R. § 3.2(d) (2003) (now renumbered as § 1003.2(d)). Even if we were to address the merits of the current motion, we would deny it because the respondent has not demonstrated any error in our

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102

Page 6

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

decision of January 30, 2004, on the record then before us, upon consideration of the contentions in this motion. *See Matter of Cerna,* 20 I & N Dec. 399 (BIA 1991). We reiterate that the respondent's case is distinguishable from *Wiedersperg v. INS,* 896 F.2d 1179 (9th Cir.1990) (allowing an alien who had been deported to reopen proceedings where the state convictions underlying the sole ground of deportation against him had been vacated). We note that this respondent was found removable under both sections 212(a)(6)(A)(i) and 212(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(2)(A)(i).

Although there is no substantiation in the administrative record, the parties agree that the BIA reissued its decision on April 7, 2004.

Cardoso timely filed petitions for review of both the denial of his motion to reopen (04-70774, filed February 6, 2004) and the denial of his motion to reconsider (04-72264, filed May 6, 2004). Cardoso's motion to consolidate the petitions was granted on August 9, 2004.

#### *1106 STANDARDS OF REVIEW

We review for an abuse of discretion the BIA's decision on an applicant's motion to reopen. *See INS v. Doherty,* 502 U.S. 314, 323-24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The BIA's decision denying reconsideration is also reviewed for an abuse of discretion. *See Salta v. INS,* 314 F.3d 1076, 1078 (9th Cir.2002). Under the abuse of discretion standard, the decision of the BIA "will be upheld unless it is arbitrary, irrational, or contrary to law." *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000).

#### ANALYSIS

8 C.F.R. § 1003.2 states:
(d) Departure, deportation, or removal. A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

We have interpreted this regulation "to mean that a person who leaves the U.S. after removal proceedings have already been initiated is barred from filing a motion to reopen." *Singh v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102

Page 7

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

*Gonzales,* 412 F.3d 1117, 1121 (9th Cir.2005) (italics omitted); *see also Azarte v. Ashcroft,* 394 F.3d 1278, 1281-82 (9th Cir.2005) (noting that an alien who departs after being granted relief from removal in the form of voluntary departure forfeits the right to a motion to reopen).

Cardoso argues that the BIA nonetheless had jurisdiction over his motion to reopen because his § 11358 cultivation conviction was vacated and was a "key part" of the government's case in his removal proceeding.[FN2] In *Estrada-Rosales v. INS,* this court held that a deportation based upon an invalid conviction is not "legally executed" and that, therefore, the defective deportation may be reopened after the petitioner has left the country:

> FN2. Cardoso also argues that § 1003.2(d) is an invalid regulation because it is inconsistent with the amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-132, 110 Stat. 1214, to the Immigration and Nationality Act (INA). Because we hold that the BIA made a legal error when it determined that the regulation barred Cardoso's motion to reopen and we remand for a second determination whether the regulation applies, we do not decide the issue of the regulation's validity.

There is no doubt that the use of the invalid conviction was a key part of the government's case in the deportation proceeding. The immigration judge's reliance upon the conviction is evidenced by the judge's statement that the conviction "materially lessens the proof necessary" to establish deportability. Petitioner in these circumstances is entitled to a new deportation hearing.
645 F.2d 819, 821 (9th Cir.1981) (internal citations omitted).

Following *Estrada-Rosales,* this court decided *Wiedersperg,* holding that the alien, who had been deported, was entitled to reopen deportation proceedings because his state conviction, which was the "sole ground" for his deportation, was vacated:
We also pointed out [in *Estrada-Rosales* ] that the conviction was "a key part of the government's case in the deportation proceeding." That conviction having been overturned on the merits, "petitioner in these circumstances is entitled to a new deportation hearing." **\*1107** Here, Wiedersperg's conviction was the sole ground of his deportation, and that conviction is itself erased and cannot serve to establish that he has committed a crime. He stands neither convicted nor charged with the crime for which he was deported. *Estrada-Rosales* applies.

896 F.2d at 1182 (citations and alterations omitted).

[2] In denying Cardoso's motions to reopen and reconsider, the BIA purported to limit our

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102

Page 8

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

holding in *Wiedersperg* to cases in which the vacated state court conviction is "the *sole* ground of deportability." (Emphasis added). This was error. Both *Wiedersperg* and *Estrada-Rosales* apply where the conviction was a "key part" of the deportation proceeding.

Cardoso's § 11358 cultivation conviction was a key part of his removal proceeding. His conviction not only made him removable under 8 U.S.C. § 1182(a)(6)(A)(i), it also made him inadmissable under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Because Cardoso was inadmissable as a result of his conviction, the IJ found him ineligible for two forms of relief from removal, adjustment of status pursuant to 8 U.S.C. § 1255 and cancellation of removal under 8 U.S.C. § 1229b(b). Cardoso had an approved I-130 petition. Thus, his § 11358 cultivation conviction was a "key part" of the government's case.

The government also argues that, even if the conviction was vacated, it was not vacated on the merits but because of its immigration consequences. According to the BIA, a vacated conviction remains valid for immigration purposes if the conviction was vacated for reasons, " unrelated to the merits of the underlying criminal proceedings," that is, for equitable, " rehabilitation or immigration hardship[ ]" reasons. *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003) (*Pickering I*), reversed by *Pickering v. Gonzales*, 454 F.3d 525 (6th Cir.2006) ( *Pickering II* ). However, the BIA acknowledges that a conviction vacated because of a " procedural or substantive defect" is not considered a "conviction" for immigration purposes and cannot serve as the basis for removeability. *Pickering I*, 23 I. & N. Dec. at 624.[FN3] The issue whether Cardoso's § 11358 cultivation conviction was vacated on the merits must be determined in the first instance by the BIA on remand.

> FN3. In reviewing the BIA's rule the Sixth Circuit recently clarified that for the government to carry its burden in establishing that a conviction remains valid for immigration purposes, the government must prove "with clear, unequivocal and convincing evidence, that the Petitioner's conviction was quashed *solely* for rehabilitative reasons or reasons related to his immigration status, i.e., to avoid adverse immigration consequences." *Pickering II*, 454 F.3d 525 (emphasis added).

[3] The government argues that the removal order should nonetheless not be reopened because Cardoso's possession conviction for violation of Cal. Health & Safety Code § 11357(c) was not expunged until after he was removed. The possession conviction cannot sustain the removal order because it was not alleged in the NTA. The DHS must serve an alien in removal proceedings with a NTA which contains "the nature of the proceedings against the alien," the " legal authority under which the proceedings are conducted," the "acts or conduct alleged to be in violation of the law," and the "charges against the alien and the statutory provisions alleged

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

460 F.3d 1102                                                                    Page 9

460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040
**(Cite as: 460 F.3d 1102)**

to have been violated." 8 U.S.C. § 1229(a)(1); *see also* 8 C.F.R. § 1003.15(b) & (c). Not only was the possession conviction not alleged in the NTA, Cardoso was not convicted of violating Cal. Health & Safety Code § 11357(c) until October 15, 2003, a week after he was removed to Mexico.

### *1108 CONCLUSION

The petition in 04-70774 is granted and the motion remanded to the BIA for a determination whether Cardoso's original conviction was vacated on the merits or because of immigration consequences. The petition in 04-72264 is denied as moot.

**PETITION IN 04-70774 GRANTED; REMANDED.**

**PETITION IN 04-72264 DENIED.**

C.A.9,2006.
Cardoso-Tlaseca v. Gonzales
460 F.3d 1102, 06 Cal. Daily Op. Serv. 7689, 2006 Daily Journal D.A.R. 11,040

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit
9



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia  22041*


Jobe, Robert B., Esq.                    U.S. DHS-Trial Attorney Unit/EAZ
550 Kearny Street, Suite 200             P.O. Box 25158
San Francisco,  CA  94108                Phoenix, AZ  85002


Name: CARDOSO-TLASECA, ROGELIO           A78-467-817


Date of this notice: 03/27/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

RECEIVED
MAR 3 0 2007
BY: _ _ _ _ _ _ _ _ _ _ _ _


Enclosure


Panel Members:
    Romig, Jeffrey L.

**U.S. Department of Justice**                                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:  A78 467 817 - Eloy                    Date:        MAR 2 7 2007

In re:  ROGELIO CARDOSO-TLASECA a.k.a. Rogelio Cardoso

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Robert B. Jobe, Esquire

ON BEHALF OF DHS:        Brent Landis
                         Assistant Chief Counsel

APPLICATION: Reopening and reconsideration

ORDER:

    PER CURIAM.  On August 21, 2006, the United States Court of Appeals for Ninth Circuit
remanded this matter for a determination whether the respondent's original conviction was vacated
on the merits or because of immigration consequences.  *See Cardoso-Tlaseca v. Gonzales*, 460 F.3d
1102 (9th Cir. 2006).  Based upon the Ninth Circuit's decision in this case, we vacate our previous
orders dated March 18, 2004, denying reconsideration (reissued on April 7, 2004), and January 30,
2004, denying reopening of our September 30, 2003, order summarily affirming the Immigration
Judge's May 13, 2003, decision.  Upon remand, the respondent and the Department of Homeland
Security (DHS) both agree that the respondent's conviction for cultivating of marijuana was vacated
on substantive grounds and he is no longer inadmissible under section 212(a)(2)(A)(i)(II) of the
Immigration and Nationality Act as an alien who has been convicted of a controlled substance
offense.[1]  *See Matter of Adamiak*, 23 I&N Dec. 878 (BIA 2006) (Ohio conviction vacated for a
procedural defect in the underlying criminal proceedings was not a "conviction" under the Act).
However, as the DHS points out, the respondent remains removable under section 212(a)(6)(A)(i)
of the Act as an alien present in the United States without being admitted or paroled or who arrived
in the United States at any time or place other than as designated by the Attorney General.  The
respondent contends that this case should be remanded for a determination, in the first instance, as
to whether he is eligible for adjustment of status and/or cancellation of removal.  Although the DHS
recognizes that the respondent has an approved visa petition (From I-130), and desires to apply for
adjustment of status, the DHS neither concedes nor contests his statutory eligibility for such relief.
However, the DHS contends that since the respondent retains the burden of establishing his
eligibility for adjustment of status, this Board should deny reopening because he has failed to
demonstrate that he is deserving of adjustment of status.  In light of the decision in this case from
the Ninth Circuit, we shall remand the record to the Immigration Court for further proceedings to
give the respondent an opportunity to apply for relief from removal.  *See Matter of Patel*, 16 I&N

---

[1]  The DHS's motion to substitute its brief of February 9, 2007, is granted.

A78 467 817

Dec. 600, 601 (BIA 1978)(stating that a remand from the Board, unless qualified for a specific purpose, is effective for the stated purpose and for consideration of any and all matters which the Immigration Judge deems appropriate in the exercise of administrative discretion or which are brought to his attention in compliance with the regulations). Accordingly, the removal proceedings are reopened, and the record is remanded to the Immigration Court for further proceedings.

FOR THE BOARD

Exhibit
10

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A78 467 817 - Eloy                                    Date:    MAR 18 2004

In re:  ROGELIO CARDOSO-TLASECA a.k.a. Rogelio Cardoso

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Pro se[1]

Now before the Board of Immigration Appeals is the respondent's motion to reconsider filed with us on March 1, 2004. The motion will be denied.

This case was before the Board last on January 30, 2004, when we denied the respondent's motion to reopen for lack of jurisdiction. We stated that it was undisputed that the respondent had been removed from the United States on October 8, 2003, after the Board's rejection of his appeal and that his removal had been lawfully executed. We likewise lack jurisdiction over the present motion to reconsider, for the same reasons. *See* 8 C.F.R. § 3.2(d) (2003) (now renumbered as § 1003.2(d)). Even if we were to address the merits of the current motion, we would deny it because the respondent has not demonstrated any error in our decision of January 30, 2004, on the record then before us, upon consideration of the contentions in this motion. *See Matter of Cerna*, 20 I&N Dec. 399 (BIA 1991). We reiterate that the respondent's case is distinguishable from *Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir. 1990) (allowing an alien who had been deported to reopen proceedings where the state conviction underlying the sole ground of deportability against him had been vacated). We note that this respondent was found removable under both sections 212(a)(6)(A)(i) and 212(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(2)(A)(i).

ORDER:  The motion to reconsider is denied.

_____
FOR THE BOARD

---

[1] As a courtesy, we are sending a copy of this opinion to: Robert B. Jobe, Esquire, 550 Kearny Street, Suite 150, San Francisco, California 94108. The file does not contain a Form EOIR-27 Notice of Entry of Appearance As Attorney or Representative Before the Board of Immigration Appeals from attorney Jobe in connection with the current motion.

Exhibit
11

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A78 467 817 – Eloy                                  Date:   JAN 3 0 2004

In re: ROGELIO CARDOSO-TLASECA, a.k.a. Rogelio Cardoso

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Allred, Hilari, Esquire

ON BEHALF OF DHS:   Brent Landis
                    Assistant Chief Counsel

ORDER:

PER CURIAM.  On December 29, 2003, the respondent filed the instant motion to reopen our decision dated December 29, 2003.  *See* 8 C.F.R. § 1003.2.  The Department of Homeland Security opposes the motion.  It is undisputed that the respondent was removed from the United States on October 8, 2003, after the Board rejected the respondent's appeal.  The respondent's removal was therefore lawfully executed.  *Compare Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir. 1990).  Under the regulations at 8 C.F.R. § 1003.2(d), "[a] motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States."  The Board thus lacks the jurisdiction to reopen and reconsider the respondent's appeal at this time, and the motion must be denied.  *See* 8 C.F.R. § 1003.1(d)(2)(H).  We note that on October 15, 2003, the Superior Court of California in and for the Country of Tulare granted the respondent's motion to vacate a conviction underlying one of the bases of the respondent's inadmissibility.  The fact that the conviction was vacated subsequent to the respondent's removal, and the fact that the conviction was vacated prior to the filing of his motion, would not alter our conclusion.  Accordingly, the motion is denied.

FOR THE BOARD

Exhibit

12

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Eloy, Arizona

File No.:   A 78 467 817

May 13, 2003

In the Matter of

ROGELIO CARDOSO-TLASECA,                    )
                                            )         IN REMOVAL PROCEEDINGS
                                            )
            Respondent                      )

CHARGES:        Section 212(a)(6)(A)(i) of the Act -- present in
                the United States without being admitted or
                paroled or arriving in the United States at a time
                or place other than as designated by the Attorney
                General; and

                Section 212(a)(2)(A)(i)(II) of the Act -- an alien
                convicted of who admits having committed the
                essential elements of violating any law or
                regulation of a state or the United States
                relating to a controlled substance as defined in
                Section 102 of the Controlled Substances Act.

APPLICATIONS:   None.

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Sarah Goss, Esquire                   Brent Landis, Esquire
Law Firm of Robert Yarra              Assistant District Counsel
1250 Fulton Mall, Suite 202           Eloy, Arizona
Fresno, California 93721

ORAL DECISION AND ORDER OF THE IMMIGRATION JUDGE

        The respondent is a 40-year-old married male, native

and citizen of Mexico.  He entered the United States illegally

near San Ysidro, California in April of 1988.  The United States

Department of Homeland Security (previously the United States

Immigration and Naturalization Service) instituted these

dmh

proceedings by filing a Notice to Appear on the 19th of March 2003. It is contained in this record of proceedings as Exhibit 1.

The respondent, through counsel, admitted as alleged on the Notice to Appear that he is not a citizen or national of the United States. That he is a native of Mexico and a citizen of Mexico. That he entered the United States near San Ysidro, California on or about the 10th of April 1988 and that he was not admitted or paroled after inspection by an Immigration officer at that time of entry. A fifth allegation that the respondent was on the 30th of August convicted in the Superior Court of California, Tolary County for cultivating marijuana in violation of Section 11358 of the Health and Safety Code of California was denied by the respondent.

Based upon the factual allegations set forth, the Department of Homeland Security charges the respondent with removability under Section 212(a)(6)(A)(i) of the Act, an alien present in the United States without being admitted or paroled or arriving at a time or place other than that designated by the Attorney General.

The second charge of removability was that under Section 212(a)(2)(A)(i)(II) of the Act, conviction of or admitted having committed acts which constitutes the essential elements of any law or a violation of any law or regulation of a state or the United States relating to a controlled substance as defined in

A 78 467 817                    2                    May 13, 2003

dmh

Section 102 of the Controlled Substances Act.

The respondent admitted the charge of removability regarding entry without inspection and denied the charge of removability related to the controlled substance offense or admission. The matter was set over to today's date and the parties submitted further documents.

The Department of Homeland Security submitted Exhibit 2 which constitutes an I-213, conviction documents and the rap sheet of the respondent. Exhibit 3 is a Motion for a Telephonic Hearing and the written pleadings of the respondent which also contains a minute order of a conviction as well as a copy of an approval notice on an I-130 petition filed by the respondent's wife who is a United States citizen.

The matter, as the Court stated, was set over to this date and the Court heard arguments and is ready to rule regarding the denied factual allegation and the denied charge. The Court has concluded that the respondent was on the 30th of August 2000 convicted in the Superior Court of California, Tolary County for the offense of cultivating marijuana for personal use in violation of Section 11358 of the California Health and Safety Code.

The Court will find that factual allegation over the respondent's denial. Based on that factual finding, the Court is going to sustain the charge of removability under Section 212(a)(2)(A)(i)(II) of the Act on both grounds. The first being

A 78 467 817                    3                    May 13, 2003

000255

dmh

that the respondent has been convicted of, and in the alternative the respondent has admitted the elements which constitute the essential elements of violation of any law or regulation of a state or the United States relating to a controlled substance.

I.  An alien who has been convicted of any law or regulation of  state or the United States relating to a controlled substance.

Section 212(a)(2)(A)(i)(II) renders as removable from the United States an alien who has been convicted of violating any law or regulation of a state or the United States or a foreign country relating to a controlled substance as defined under the Controlled Substances Act.  The respondent, this Court has concluded, was convicted on the 30th of August 2000 in the Superior Court of California, Tolary County, for cultivating marijuana in violation of Section 11358 of the California Health and Safety Code.  It is the argument of respondent's counsel that the conviction which was for personal use as is evidenced by Exhibit 2, Subexhibit 2, page 5 herein, the conviction was amended to include the language for personal use.

Respondent's counsel argues that that for personal use should be equated with this offense merely being a possession offense.  While that is a novel argument, it is one that this Court distinguishes from possession.  Cultivating marijuana under Section 11358 of the California Health and Safety Code is a punishable offense.  That is significant in and of itself for two

A 78 467 817                           4                      May 13, 2003

000256

dmh

reasons.

In the Matter of Roldon, deferred entry of judgment and expungement are treated as convictions for immigration purposes. In the 9th Circuit the 9th Circuit Court of Appeals has held in the Matter of Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000) that the Matter of Roldon does not apply in all circumstances. Essentially, what the 9th Circuit Court of Appeals has stated in Lujan-Armendariz is that the Matter of Manriquez still applies and that is where a respondent convicted under a state drug statute would be eligible for Federal First Offender treatment that respondent is then eligible for that type of treatment and is not removable. The problem with the criteria set forth in the Manriquez decision which is Matter of Manriquez, Int. Dec. 3250 (BIA 1995) is that in Manriquez the Board in discussing the Federal First Offender Program talks about how the Federal First Offender Program is limited to possession and possession only offenses. The respondent was not convicted of a possession offense. He was convicted of a cultivation offense which would not qualify him for the Federal First Offender's Program treatment and the Court concludes as is stated that the respondent not being eligible for that, has been convicted pursuant to his plea to a Section 11358.

The Immigration Service argues not only that but in the alternative and primarily that the respondent is removable and the charge should be sustained because the respondent has

A 78 467 817                    5                    May 13, 2003

000257

dmh

admitted the essential elements of violating a law relating to a controlled substance. Subsection 2, Section 212(a)(2)(A)(i)(II) admitting the essential elements of violating a law or regulation of a state or the United States relating to a controlled substance.

The Service argues and this Court concludes in the alternative that the respondent has admitted the essential elements of the offense with which he was charged. That is cultivation of marijuana for personal use in violation of Section 11358 of the California Penal Code. The Service argues that once again going to Subexhibit 2 of Group Exhibit 2, page 5, wherein the court amended the complaint and allowed the defendant to withdraw his guilty plea and enter a guilty plea, an oral waiver of his rights was taken, the court found a knowing, intelligent, voluntary understanding and explicit waiver. The court found a factual basis for the guilty plea and the matter was referred to the probation department for a report and recommendation. That report and recommendation ultimately resulting in a grant of what is referred to in the minute order as D.E.J. which is deferred entry of judgment under the California law.

The Court also will conclude that in addition to being convicted of the controlled substance offense, the respondent in the alternative is rendered removable because he has admitted the essential elements of violating a law or regulation of a state or the United States relating to a controlled substance.

A 78 467 817                    6                    May 13, 2003

dmh

### Requested Relief

The respondent, who is married to a United States citizen, has an approved I-130 petition and requested of this Court the opportunity to adjust his status.  That was based on the denial of the charge and the belief and thought that the charge would not be sustained.  However, the Court having sustained the charge under Section 212(a)(2)(A)(i)(II) for a drug trafficking offense will now conclude that the respondent is ineligible to adjust his status under any provisions of the Act. The Court having concluded that he was convicted of a drug offense, there are no waivers eligible for a drug offense. Therefore, the respondent is statutorily ineligible for adjustment of status under the Act and the Court will not reach that application despite the fact that the respondent has an approved I-130.  The respondent has no other forms of relief available to him.

Therefore, the respondent will be ordered removed from the United States to Mexico on the charges contained in the Notice to Appear.

A 78 467 817                    7                    May 13, 2003

000259

dmh

ORDER

IT IS HEREBY ORDERED that the respondent be ordered

removed from the United States to Mexico on the charges contained

in the Notice to Appear.

JOHN W. DAVIS
Immigration Judge

A 78 467 817                    8                    May 13, 2003